**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**JASON RAY TAISIPIC TAIMANGLO**<br>(*aka* **JASON RAY TAISAPIC TAIMANGLO**)<br>(*aka* **JASON RAY TAIMANGLO**)<br>(*aka* **JASON R. TAIMANGLO**)<br>(*aka* **JASON TAIMANGLO**)<br>(*aka* **J**)<br>(*aka* **JAY**),<br>DOB: 12/21/1987 or 09/30/1990<br><br>Defendant. | **Criminal Case No. CF0554-21**<br>GPD Report Nos. 21-20360 / 21-22354 /<br>21-15216 / 21-26688<br><br>**DECISION AND ORDER GRANTING THE PEOPLE'S MOTION TO REVOKE PROBATION** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 14, 2024 for a Revocation Hearing in the above-captioned matter related to Jason Ray Taisipic Taimanglo's (*aka* Jason Ray Taisapic Taimanglo's) (*aka* Jason Ray Taimanglo's) (*aka* Jason R. Taimanglo's) (*aka* Jason Taimanglo's) (*aka* J's) (*aka* Jay's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On July 11, 2022, Defendant pled guilty to two counts of Family Violence (as a Misdemeanor). See Judgment of Conviction (Sep. 7, 2022). A judgment was entered imposing the following relevant conditions of probation:

Decision and Order Granting the People's Motion to Revoke Probation
CF0554-21, *People of Guam v. Jason Taimanglo*
Page 1 of 5

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office for intake and processing within forty-eight (48) hours of sentencing.
- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.
- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

Id.

A Violation Report was filed less than one month later, indicating that Defendant failed to report to the Adult Probation Office within forty-eight (48) hours of his release from the Department of Corrections. See First Violation Report (Aug. 8, 2022).

Another Violation Report was filed in April, 2023, after Defendant admitted to smoking methamphetamine and refused to submit to a drug test administered by the Adult Probation Office. See Second Violation Report (Apr. 24, 2023).

On May 1, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's failures to obey his probationary requirements. See Motion (May 1, 2023). Opposing the Motion, Defendant claims revocation is premature because he is still able and eager to complete his probationary terms and requirements before the expiration of his probation term. See Opposition to Motion (May 9, 2023).

On June 14, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Jun. 14, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that

Decision and Order Granting the People's Motion to Revoke Probation
CF0554-21, *People of Guam v. Jason Taimanglo*
Page 2 of 5

revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant admitted to using illegal substances and failed to timely report to the Adult Probation Office.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Granting the People's Motion to Revoke Probation
CF0554-21, *People of Guam v. Jason Taimanglo*
Page 3 of 5

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant's violations began immediately after his release from incarceration, as he failed to timely report to the Adult Probation Office for his initial intake/processing. This suggests Defendant never intended to follow his probation conditions. Defendant's violation continued for several months as he later admitted to using illegal drugs during his probationary term. Defendant has an established history of non-compliance with his probation conditions, and it's unlikely he will suddenly start complying now.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter.

The Defendant is hereby **SENTENCED** as follows:

- For Charge Two (*Count One*) – Family Violence (as a Misdemeanor):
  - Defendant is sentenced to **one (1) year incarceration,** at the Department of Corrections, Mangilao with credit for time served.
- For Charge Two (*Count Two*) – Family Violence (as a Misdemeanor):
  - Defendant is sentenced to **one (1) year incarceration,** at the Department of Corrections, Mangilao with credit for time served.
- The periods of incarceration set forth above shall run **concurrent** to one another.

After the completion of the Defendant's sentence the Court shall close the above-captioned case.

Decision and Order Granting the People's Motion to Revoke Probation
CF0554-21, *People of Guam v. Jason Taimanglo*
Page 4 of 5

**IT IS SO ORDERED** this _June 20, 2024_

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AGi PDSc_

Date: 6/20/24  Time: 10:40
Caulevio  C
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CF0554-21, *People of Guam v. Jason Taimanglo*
Page **5** of **5**